UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THEOBOLD FARMS, INC., et al., ) | |
| ) | |
| Intervenors ) | |
| ) | 1:21-CV-409-HAB-SLC |
| v. ) | |
| ) | |
| CENTRAL STATES ENTERPRISES, LLC ) | |
| AND LARRY SHEPHERD ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This case, survived by twenty intervening plaintiffs (collectively, "Intervenors") after the original complainant settled, broadly asserts that Defendants, Central States Enterprises, LLC ("Central States") and its then Vice President of Operations, Larry Shepherd ("Shepherd"), created and enforced fictitious contracts requiring the Intervenors to deliver grain quantities beyond their annual growing capacities. The Intervenors also assert that the motivation for Defendants' conduct came from financial losses Shepherd suffered in speculative trading on the commodities futures market. (First Intervenor Compl. ECF No. 94).[1]

Before the Court is Central States' Motion to Dismiss Plaintiff S.J.K. Farms, LLC (the "LLC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6), to which Shepherd joined.[2] (ECF Nos. 133). The parties have fully briefed this motion, ECF Nos. 134, 154, 175, 177. Because all

---

[1] This case involves more than one Intervenor Complaint. This motion is directed solely at the First Intervenor Complaint and only at S.J.K, Farms, LLC.

[2] Shepherd filed a Notice of Joinder indicating that he "joins [Central States'] Reply in Support of Motion to Dismiss SJK Farms, LLC pursuant to Fed. R. Civ. P. 12(b)(6)." (ECF No. 177). However, Shepherd did not file any such notice indicating an intent to join in the motion itself. The Court believes this to be an oversight on the part of Shepherd's counsel and mentions it only for the sake of a complete record.

the parties concede that the First Intervenor Complaint does not adequately set forth that the LLC is a successor in interest to SJK Farms, the Motion to Dismiss will be GRANTED as to S.J.K Farms, LLC only. Intervenors will be provided an opportunity to amend the First Intervenor Complaint to identify the real party in interest.

## DISCUSSION

1. *Well-Pleaded Factual Allegations*[3]

Despite the existence of a 52-page complaint, the well-pleaded facts relevant to this motion are simple and straightforward. Intervenors, including the LLC, allege that Central States and Shepherd created fictitious contracts obligating the Intervenors to supply grain beyond its annual growing capacities. Intervenors contend this conduct violates various provisions of the Commodities Exchange Act (CEA) and Indiana statutes. The alleged events described in detail in the First Intervenor Complaint took place prior to April 2021. Specifically with respect to the LLC, the Intervenors allege that 128 sham and unsigned contracts exist between the LLC and Central States. (First Intervenor Compl. ¶94). The LLC, however, was formed on April 30, 2021, well after the events alleged in the First Intervenor Complaint. (ECF No. 134-1).[4]

2. *Legal Standard*

---

[3] Defendants move under Fed. R. Civ. P. 12(b)(6), so the Court accepts the well-pleaded factual allegations in Plaintiff's Complaint as true.

[4] The Court takes judicial notice of the LLC's formation date as recorded by the Indiana Secretary of State and available on its website. If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Atlanta Gas Light Co. v. Navigators Ins. Co.*, No. 1:20-cv-02441-JPH-TAB, 2021 WL 1546060, at *2 (S.D. Ind. Apr. 19, 2021) (citing *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020)); *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Defendant has moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3. *Analysis*

In its motion, Central States asserts the First Intervenor Complaint fails to state a claim for relief with respect to the LLC because the LLC was not formed until after the allegedly fictitious contracts were created. In response, Intervenors submit the Declaration of Steven J. Kelham (Kelham Decl., ECF No. 154-2 at 1, ¶__) in which he avers that prior to the LLC's formation, he operated a sole proprietorship farming operation under the name SJK Farms. (Kelham Decl. ¶2). Kelham entered into some of the contracts with Central States that are at issue in this case. *Id.* When the LLC was formed, the assets of the farming operation were transferred to the LLC. (ECF No. 154, p 5).[5] Thus, the Intervenors contend that the LLC is the successor in interest to any claims SJK Farms had against Central States. Alternatively, they suggest that leave to amend should be granted to allow Kelham to be named as the real party in interest.

---

[5] Kelham's Declaration was submitted but the Court does not have paragraphs 3-5 of that Declaration. Ultimately, it matters little to the outcome of this motion because the Court cannot consider the affidavit without converting the motion to one for summary judgment, but in any event, the Court makes counsel aware that the record does not contain this information.

Before addressing the merits of the motion, the Court finds it necessary to discourage the parties from continuing the type of gamesmanship that occurred with respect to this motion. Simply put, it won't be tolerated, especially given the complexity of this case. From what the Court has gleaned from the filings, after Central States filed this motion, Intervenors' counsel contacted defense counsel to resolve the motion by suggesting that the Intervenors would move for leave to amend the First Intervenor Complaint to clarify the relationship between the contracts at issue, SJK Farms and the LLC. (ECF No. 154, n. 1; Exhibit B). Despite defense counsel indicating that he "likely" would not oppose a request to amend from the Intervenors, he indicated that he would not withdraw his motion to dismiss and wanted the motion to fully brief out. So here we are, wasting the resources of this Court (and taking the Court away from the four other motions to dismiss in this case), to rule on what appears to be an outcome conceded by Intervenors that the First Intervening Complaint fails to state a claim by the LLC and that amendment is appropriate. (ECF No. 154).[6] And that is exactly what this Court intends to happen.

The First Intervenor Complaint fails as a matter of law to state a claim by the LLC against Central States. Central States motion to dismiss the LLC is GRANTED. Intervenors are granted until February 5, 2025, to file an amended First Intervenor Complaint that resolves the issue of the real party in interest. No other amendments are permitted without first obtaining leave of court.

But there's more. There are currently two motions to dismiss pending that are related to the First Intervenor Complaint. The filing of an amended complaint nearly always moots a motion to dismiss the original complaint. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and

---

[6] The Court notes that Intervenors could have filed a Motion for Leave to Amend even absent Defendant's agreement to withdraw his motion to dismiss. If granted, the amended complaint would have mooted the pending motion to dismiss on the issue raised as a matter of law.

controls the case from that point forward."); 6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1476 (3d ed. 2018). The only exception arises in limited instances where the substance of the two complaints remains the same, *see Avina v. Bohlen*, 882 F.3d 674, 676 (7th Cir. 2018). Because of the limited nature of this Court's order permitting amendment, the operative facts of the First Intervenor Complaint and the amendment likely will remain the same. Absent any amendment to the operative facts, the Court intends to rule on the pending motions to dismiss without deeming them moot upon the filing of the amended First Intervenor Complaint. If Intervenors seek leave to amend beyond the scope of this Opinion and Order and such leave is granted, the Court will likely declare the two motions to dismiss moot.

## CONCLUSION

Based on the reasoning above, Central States Motion to Dismiss (ECF No. 133) is GRANTED and S.J.K. Farms, LLC is dismissed from the case. Intervenors are granted until February 5, 2025, to file an amended First Intervenor Complaint consistent with this order.

SO ORDERED on January 22, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
