UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THEOBALD FARMS, INC, et al | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.1:21 CV 409 HAB-SLC |
| CENTRAL STATES ENTERPRISES, LLC AND LARRY SHEPHERD | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Bohrer Farms, Inc., ("Bohrer"), intervened in a suit originally brought by David Melcher ("Melcher"),[1] against Defendants, Central States Enterprises, LLC ("Central States") and its then-Vice President of Operations, Larry Shepherd ("Shepherd") (ECF No. 149, Bohrer Farms Complaint in Intervention., "Bohrer Complaint.").[2] The Bohrer Complaint, as Melcher's did, asserts that the Defendants created and enforced fictitious contracts requiring it to deliver grain quantities beyond their grow capacities. They further claim that the motivation for Defendants' conduct came from financial losses Shepherd suffered in speculative trading on the commodities futures market. They bring suit under multiple provisions of Section 6 of the Commodities Exchange Act (CEA) and assert various state law claims.

---

[1] Melcher settled his claim with the Defendants and a stipulation of dismissal was filed in the case. (ECF Nos.58, 63). Between the report of settlement and the stipulation to dismiss, the another set of intervenors filed their Motion to Intervene (ECF No. 61). The Court addressed the procedural status of the case in ECF No. 101.

[2] There are multiple sets of intervening plaintiffs. This Opinion and Order is directed at the Bohrer Complaint (ECF No. 149).

Before the Court are the Defendants' Motions to Dismiss for Improper Venue, or in the Alternative to Compel Arbitration Under the Federal Arbitration Act, or in the Alternative Motion to Strike. (ECF Nos. 160, 163).[3] The motions are fully briefed (ECF Nos. 161, 164, 171, 173, 174 and 176) and ripe for consideration. For the reasons explained below, the Motions to Dismiss for Improper Venue will be DENIED. The requests to stay and compel arbitration will be GRANTED.

## DISCUSSION

1. **Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(3) is Improper**

The Defendants' motions seek dismissal under Fed. R. Civ. P. 12(b)(3) for improper venue or for the Court to stay the action and compel arbitration under Sections 3 and 4 of the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 3, 4. Since Defendants filed their motions, the Seventh Circuit has stated that a motion under Rule 12(b)(3) is not the proper means of enforcing an arbitration agreement. *Rodgers-Rouzier v. American Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 984 (7th Cir. 2024). "Venue is determined solely by reference to federal law—generally 28 U.S.C. § 1391—not the parties' contractual agreements." *Id.* (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013)). Because the Court has no basis to dismiss the action for lack of venue, the Court DENIES both Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) (ECF No. 135 and 140) but will consider Defendants' submissions as alternative motions to stay the action and compel arbitration under the Federal Arbitration Act ("FAA").

2. **Standard of Review under the FAA**

---

[3] Defendants' motions also sought to dismiss the Intervenor Complaint filed by Donald Inniger. (ECF No. 148). That complaint has already been dismissed, see ECF No. 180, thereby mooting the Defendants' motions as to Intervenor Donald Inniger.

2

Under the FAA, if "the parties have an arbitration agreement and the asserted claims are within its scope," the court must compel arbitration and stay the case. *Lathan v. Uber Techs., Inc.*, 266 F. Supp. 3d 1170, 1173 (E.D. Wis. 2017) (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)); *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). While "[t]he FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet[,] ... courts that have addressed the question have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure: the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (citing cases); *see also Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 725 (N.D. Ill. 2017); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). When the parties disagree about the existence of an arbitration agreement, the summary judgment standard supplies the standard of review. *See Tinder*, 305 F.3d at 735. "The court must consider all of the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party." *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 866 (E.D. Wis. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (citation omitted). If a non-movant identifies a material factual dispute about whether the parties agreed to arbitrate, the non-movant is entitled to a jury trial on that issue. 9 U.S.C. § 4 ("If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof."); *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 751 (7th Cir. 2017).

3. **Background Facts**

The Court assumes the parties' familiarity with prior orders in this case and incorporates by reference the general knowledge of the contracts at issue discussed in this Court's Opinion and

Orders in *Melcher v. Cent. States Enterprises, LLC*, 2023 WL 2710821 (N.D. Ind. Mar. 30, 2023) ("*Melcher I*") (ECF No. 48) and *Theobald Farms v. Cent. States Enterprises, LLC.*, 2025 WL 928697 (N.D. Ind. Mar. 25, 2025) ("*Theobald I")*. As was the case in both *Melcher I* and *Theobald I,* this case involves contracts purportedly between Bohrer and CSE that Bohrer asserts were fictitious ("Disputed Contracts"). The present motions mimic the motions filed by Defendants in *Theobald I,* and as was the case there, the Court will stay the case and grant the request to compel arbitration.

Generally, the Bohrer Complaint, like all the others, alleges that the Defendants engaged in a scheme that went something like this: CSE, through Shepherd, placed farmers into sham contracts that they knew nothing about for the delivery of grain in volumes far exceeding these farmers' annual production capacity. Shepherd drafted the Disputed Contracts that, when "effectuated" according to their terms, committed the farmers to delivering grains he knew they could not produce. The Disputed Contracts were back-dated "to have the effect of committing farmers to the delivery of grain in accumulated volumes needed to meet Central States' obligations." The Disputed Contracts each contain an arbitration clause that states: "[I]n the event of a dispute arising hereunder, the parties agree to submit the dispute to the National Grain & Feed Association Trade Rules and/or Arbitration Rules [NGFA]." ("Arbitration Clause"). No surprise, Bohrer asserts that it did not know anything about the Disputed Contracts and, certainly, did not agree to them or to an arbitration provision. All told, the Bohrer Complaint alleges 52 Disputed Contracts exist.

On May 19, 2022, after Bohrer failed to perform under the Disputed Contracts, CSE filed an arbitration demand with the NGFA. ("NGFA Arbitration"). (Affidavit of Mark Brickey, ECF No. 161, Ex. A, "Brickey Aff. ¶ 25). After the initial demand, the NGFA sent the parties an NGFA

4

Arbitration Services Contract ("ASC") which provides: "The undersigned parties hereby agree to submit the following controversy to arbitration by the National Grain and Feed Association." The ASC describes the nature of the dispute being submitted and the relief sought by the initiator. The NGFA also solicits an arbitration fee. (Brickey Aff. ¶¶s 25-30). CSE and Bohrer signed the ASC with respect to the disputes initiated by CSE, (*Id.* at ¶35; ECF Nos. 161-5). Although Bohrer signed the ASC sent to it authorizing arbitration, Bohrer's counsel sent a letter to the NGFA (ECF No. 161-6) to dispute the arbitrability of the disputes they agreed to arbitrate. Arbitration proceedings then commenced. The parties have not advised the Court whether arbitration proceedings with Bohrer have now been stayed since the filing of Bohrer's request to intervene. However, the Court presumes that a stay is in place, as the NGFA is aware of the pendency of this lawsuit from both Bohrer's counsel's letter to the NGFA and other filings in this case. (ECF No. 86).

4. **Request to Stay and Compel Arbitration by CSE**

This Court has previously addressed in *Theobald I*, the situation presented by the current motions. In *Theobald I*, the intervening plaintiffs had all signed ASCs just as Bohrer has done here. There, this Court addressed the straightforward threshold question of whether the intervening plaintiffs' signature agreeing to NGFA Arbitration constituted an independent basis for the Court to stay this action to permit that arbitration proceeding to go forward. The Court concluded it did.

As was the case in *Theobald I*, there is no dispute that Bohrer signed the ASC which authorized the NGFA Arbitrations, albeit with an accompanying letter from counsel objecting to the arbitrability of the issues raised by CSE in the arbitration demand. But a party contending that "it is not bound by an agreement to arbitrate" may "simply abstain from participation" in the arbitration proceedings and then later object to the arbitration award. *MCI Telecomms. Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998); *see also Langlais v. PennMont Benefit*

*Servs., Inc.*, 2012 WL 2849414, at *5 (E.D. Pa. July 11, 2012) ("[A party need not] appear before the arbitrator and raise their substantive jurisdictional challenges in order to preserve them."). But where, as Bohrer did here, "a party objects to arbitrability but nevertheless voluntarily participates in the arbitration proceedings, waiver of the challenge to arbitral jurisdiction will not be inferred." *Lucey v. FedEx Ground Package Sys., Inc.*, 305 F. App'x 875, 878 (3d Cir. 2009) (quoting *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1510 (3d Cir. 1994), *aff'd*, 514 U.S. 938 (1995)); see also *Opals on Ice Lingerie v. Bodylines Inc.,* 320 F.3d 362, 368 (2d Cir. 2003) (explaining that "[a]lthough a party is bound by an arbitral award only where it has agreed to arbitrate, an agreement may be implied from the party's conduct .... [and therefore] if a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration." (internal quotation marks and citation omitted)). "A jurisdictional objection, once stated, remains preserved for judicial review absent a clear and unequivocal waiver." *First Options*, 19 F.3d at 1510. Thus, the Court agrees with Bohrer that it has not waived any future challenge to arbitral jurisdiction.

Bohrer, just as the other intervening plaintiffs have done, has firmly entrenched itself in the very arbitral process it sought to avoid by filing suit. It could have opted to abstain from the NGFA Arbitrations and challenged the arbitral award later; but because it opted to participate *and made a jurisdictional objection*, it has preserved its right to pursue a judicial challenge to the arbitral award. But that is not where this case lies procedurally. The Court is not faced with a situation where Bohrer seeks to vacate an arbitral award that it asserts was invalid. It is challenging arbitration in the first instance and that is informed by what it agreed to. Here, it agreed to arbitrate with the NGFA, albeit under a reservation of rights. But it cannot now assert before this Court that it didn't really make that agreement and short circuit the arbitral process it agreed to. Accordingly,

6

because the Court finds that at least with respect to the Disputed Contracts that have been challenged in the NGFA Arbitrations, Bohrer has agreed to arbitrate, the Motion to Stay is GRANTED as to the Bohrer Complaint's claims against CSE.

### 5. Request to Stay and Compel Arbitration by Shepherd

Shepherd also moves to stay the case and compel arbitration. He generally adopts the arguments made by CSE to stay the proceedings and compel arbitration but makes no mention of the NGFA Arbitrations – which led to this Court's decision above to stay the claims between Bohrer and CSE. Shepherd's motion focuses solely on the underlying Disputed Contracts and asserts that if the Court finds that CSE and Bohrer agreed to arbitrate in the Disputed Contracts, he should be included in the arbitration because of the doctrine of equitable estoppel. "Generally, in the arbitration context, equitable estoppel allows a non[-]signatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020) (quotation and citation omitted). Based on this principle, Shepherd asserts that it is entitled to the protections of the arbitration provision to which Bohrer and CSE agreed in the Disputed Contracts.

At this point in the litigation, Shepherd's motion is premature. As the Court set out above, given the ASC between Bohrer and CSE, the Court has stayed the claims in the Bohrer Complaint pending the NGFA Arbitrations. With the stay in place, the Court has not made any determination as to whether the parties agreed to arbitrate in the Disputed Contracts and may not need to. Rather, that assessment would occur, in theory, post-arbitration if Bohrer seeks to vacate the arbitral award consistent with its reservation of rights. Accordingly, the Court GRANTS the request to stay Bohrer's claims against Shepherd but DENIES the motion to compel arbitration as premature.

7

## **CONCLUSION**

Based on the above, the Defendants' Motions to Dismiss (ECF Nos. 160, 163) pursuant to Fed. R. Civ. P. 12(b)(3) are DENIED. CSE's Alternative Motion to Stay and Compel Arbitration is GRANTED (ECF No. 160). Shepherd's Alternative Motion to Stay and Compel is GRANTED in PART and DENIED in PART. (ECF No. 163). Having now resolved all pending motions and determined that all the claims asserted by all the intervenors in this action should be stayed, the Court hereby STAYS this case and DIRECTS the CLERK to remove it from the active docket for statistical purposes. The parties may file a request to lift the stay and return the case to the active docket after the conclusion of the NGFA Arbitrations for all the plaintiffs.

SO ORDERED on April 21, 2025

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT