UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCHLEMMER FARMS, LLC, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:21-CV-409-HAB-SLC |
| CENTRAL STATES ENTERPRISES, LLC, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Intervenor Plaintiff Little River Farms, Inc. ("Little River") moved to intervene in this action on October 31, 2023. (ECF No. 73). Together with numerous other Intervenor Plaintiffs, Little Farm filed its first Intervenor Complaint on February 15, 2025 (ECF No. 94), and its Amended Intervenor Complaint on February 5, 2025 (ECF No. 183).[1] In March and April of 2025, in response to motions filed by Defendants Central States Enterprises, LLC and Larry Shepherd, the Court entered two Opinions & Orders, with the effect of staying the case while the parties engage in arbitration. (ECF Nos. 190, 191). The case remains stayed.

Little River, along with Defendants Central States Enterprises, LLC and Larry Shepherd, has now filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 192). In the Notice, the parties state that they have reached settlement

---

[1] There are multiple sets of intervening plaintiffs. The Amended Intervenor Complaint referenced here includes the following parties: Theobald Farms, Inc., Kneubhuler Farms, Inc., Rodney Nahrwold, James Hockemeyer, Ridenour Farms, Inc., Timothy Rorick, Little River Farms, Inc., Rob Burnau/Burnau Farms, Kelham Farms, Inc., Joe Mailfait Farms, Inc., TLC Farms, Inc., Schlemmer Farms, LLC, Marcarl Farms, Inc., Kees Grain Farms, Inc., Matt Mercer/Mercer Farms, Straley & Son Farms, LLC, Douglas Dealey/Doug Dealey Farms, and Derek Miller/Miller Farms.

and "jointly stipulate that all claims related to Little River Farms, Inc. in this civil action are dismissed with prejudice[.]" Notice at 1.

Rule 41(a)(1)(A)(ii) permits a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). However, the Seventh Circuit has explained that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). As such, a Rule 41(a) stipulation that does not dispose of the entire case is improper. *See id.* at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

The Notice at issue here requests dismissal with respect to "all claims related to Little River Farms, Inc. in this civil action." As stated above, Little River's claims were part of a joint Intervenor Complaint filed by a group of Intervenor Plaintiffs. Dismissal of Little River's claims would not dispose of the entire Complaint. In order to remove Little River's claims from this action, the Intervenor Plaintiff group would have to amend the joint Intervenor Complaint under Rule 15(a).

However, this case is currently stayed, and the Intervenor Plaintiffs may not file an amended complaint without first moving to lift the stay. Additionally, the Court notes that it is not inclined to lift the current stay for purposes of filing amended complaints until all parties have completed the arbitration process.

For the reasons stated above, the notice of voluntary dismissal (ECF No. 192) has no effect.

SO ORDERED on December 4, 2025.

                                                          s/ *Holly A. Brady*
                                                          CHIEF JUDGE HOLLY A. BRADY
                                                          UNITED STATES DISTRICT COURT